# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, SOUTHERN DIVISION

| | |
|---|---|
| RACHEL CLARK, <br><br> *Plaintiff*, <br><br> vs. <br><br> WILLIAM L. JACKSON, JR., IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS THE CHIEF EXECUTIVE OFFICER OF CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY (DOING BUSINESS AS ERLANGER HEALTH SYSTEM) <br><br> *Defendant*. | CIVIL ACTION FILE NO.: _____ <br><br> JURY TRIAL DEMAND <br><br> COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. §1983 |

## **COMPLAINT**

Comes the Plaintiff, Rachel Clark, and shows the Court the following as her Complaint against the Defendant, William L. Jackson, Jr., in his individual capacity and in his official capacity as President and Chief Executive officer of the Chattanooga-Hamilton County Hospital Authority, doing business as Erlanger Health System:

### I.

This Court has jurisdiction of this action under 28 U.S.C. §1331 and 28 U.S.C. §1343 as it involves a violation of 42 U.S.C. § 1983; and the due process clause of the 14th Amendment of the United States Constitution.

### II.

Venue is proper in this Court as all of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district (28 U.S.C. § 1391).

**III.**

Rachel Clark is a registered nurse, licensed to practice her profession in the State of Tennessee. Rachel Clark is employed at Erlanger Hospital in Chattanooga, Tennessee as a pediatric nurse.

**IV.**

William L. Jackson, Jr., defendant, may be served with process at 975 E. 3rd Street, Chattanooga, Tennessee 37403.

**V.**

Plaintiff demands a trial by jury on each and every one of her claims, that are triable by a jury.

**VI.**

Defendant named in this action was at all times mentioned in this Complaint acting under color of the law of the State of Tennessee. Chattanooga-Hamilton County Hospital Authority is a governmental entity with trustees appointed by the Mayor of Hamilton County, Tennessee, and the General Assembly of Tennessee.

**VII.**

Chattanooga-Hamilton County Hospital Authority became aware of the actions of William L. Jackson, Jr., in this case and has ratified the actions of William L. Jackson, Jr.

**VIII.**

The actions of Mr. Jackson were done intentionally, willfully, knowingly, negligently and with reckless disregard for and with deliberate indifference to the Plaintiff's rights under the United States Constitution.

## IX.

In violation of the substantive due process rights that Rachel Clark has to refuse medical treatment under the 14th Amendment of the United States Constitution, on the 18th day of November, 2021, William L. Jackson, Jr., told Rachel Clark that if she was not vaccinated against Covid-19 by December 5, 2021, she would no longer have her job at Erlanger Hospital. Rachel Clark has refused and continues to refuse to be vaccinated. The same ultimatum was given to all employees of Erlanger Hospital, in violation of their constitutional rights to privacy and to refuse medical treatment under the 14th Amendment to the United States Constitution. Defendant has no constitutional basis for making any such order.

## X.

On the 1st day of December, 2021, defendant rescinded his order that employees of Erlanger Hospital had to be vaccinated against Covid-19 by December 5, 2021, or be terminated. Rescission of his order reads as follows:

"Dear Associates,

As some of you may have heard, yesterday afternoon a District Court Judge in Louisiana paused the Center for Medicare & Medicaid Services (CMS) COVID-19 Vaccination Mandate from November 5. The scope of this judicial action applies nationwide and, at least temporarily, prohibits enforcement of the COVID-19 mandate by CMS. Accordingly, effective immediately, we will put on hold the directive from my Monday 15 email requiring proof of COVID-19 vaccination, medical exemption or religious exemption by December 5 in order to maintain employment in good standing at Erlanger.

Only the Lord knows how this will play out in the courts in the weeks and months ahead. I must again emphasize that we are obligated to adhere to the CMS Conditions of Participation to remain financially viable and fulfill our mission to this community, and as such, we must continue to prepare in the event the CMS Mandate becomes permanently codified.

Accordingly, I thank those of you that have already fulfilled one of the three requirements above, as detailed in my November 15 email and subsequent HR emails. To those of you who have not yet done so, I ask that you proceed, as this will afford

us the ability to ensure potential adherence in a confidential, timely and ordered way. I have to respectfully make clear that if the CMS Mandate is eventually upheld, failure to do one of these three actions may subject associates to administrative leave and/or subsequent termination of employment at Erlanger.

As always, I pledge to communicate additional details as they arise, and were there to be a material change in direction, I would again schedule town halls to explain the "why," field questions, and hear your concerns.

I ask that you continue to afford grace and patience as we work through the operational particulars, and compassionately caring for our patients and one another. Please stay after it.

Will

William L. Jackson, Jr., MD, MBA, FACP, FCCP
President and Chief Executive Officer
Erlanger Health System"

## XI.

Joinder of these other persons is impracticable because of their number. There are questions of law or fact common to all persons threatened with discharge by defendant. The claims of plaintiff are typical of the claims of the other employees threatened with discharge. Rachel Clark will fairly and adequately protest the interest of all persons threatened with discharge by defendant. The defendant has acted on grounds generally applicable to the class of employees threatened with discharge, and questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## XII.

Rachel Clark has and will continue to incur attorney's fees and costs in pursuing this action.

## XIII.

Defendant misrepresented to plaintiff and all other employees at Erlanger hospital that he was as chief executive officer of Erlanger Health System under a legal compulsion to fire them if they did not get vaccinated by December 5, 2021. The requirement by the executive department of the United States government that hospitals had to force their employees to have Covid-19 shots by December 5, 2021, was unconstitutional on its face. Defendant had highly competent legal counsel that would advise the defendant of the unconstitutionality under the 14th Amendment to the U.S. Constitution of the efforts by the Federal or State governments to force persons to have unwanted medical treatment. There are many other constitutional reasons why the CMS order was not valid. Nonetheless, defendant acted like he was under legal compulsion when he was not. Defendant chose to not risk making Center for Medicare and Medicaid mad by not complying with the unconstitutional order by CMS. He chose to keep peace with CMS to protect Erlanger Health System's solvency, and unconstitutionally crammed down potentially unwanted medical treatment on every employee of Erlanger Health System.

There is no Federal Police power for the Federal Government under the United States Constitution. There is no case law allowing the Federal Government to mandate vaccines. Rachel Clark has natural immunity to Covid-19 from having already had a Covid-19 infection. It violates the 5th and 14th Amendments to the United States Constitution to treat Rachel Clark in the same manner as someone who has not had Covid-19. Rachel Clark was denied procedural due process by not being given an individual consideration to her case as opposed to being the potential victim of a blanket firing. Rachel Clark's right to privacy under the 14th Amendment is a fundamental right. Any encroachment on that right demands a compeling state interest and a

narrowly tailored encroachment. This was not done. President Biden encroached on the United States Congress's right to make law.

### XIV.

As a direct and proximate result of the unconstitutional actions of the defendant, plaintiff has lost compensation for paid time off she had accrued at Erlanger Hospital and has had and will continue to have mental suffering because of the threats of defendant to terminate her employment for unconstitutional reasons.

Defendant has indicated in paragraph X to this complaint that he may act unconstitutionally and terminate employment of Erlanger Health System employees in the future. He has put many Erlanger Health System employees in fear of losing their jobs in the past and he is threatening to do it again in the future. The court should issue a preliminary and permanent injunction against the defendant discharging employees for not taking a vaccine, until this court determines it can be done legally under the constitution.

WHEREFORE, Plaintiff prays for:

a) Compensatory damages against the defendant;

b) An award of plaintiff's costs, interest and reasonable attorney's fees for this action pursuant to 42 U.S.C. § 1988 and 1920 and other relevant statutes;

c) A trial by jury for issues triable by a jury;

d) Punitive damages against defendant;

e) That defendant be put under a temporary and permanent injunction to refrain from discharging plaintiff and other Erlanger employees in violation of the 14th Amendment to the United States Constitution;

f) Such other and further relief as the Court deems just and proper under the circumstances.

g) That the Court allow this case to proceed as a class action.

Respectfully submitted this 6th day of December, 2021.

Charles G. Wright, Jr., BPR#915
RIVER CITY LEGAL GROUP, PLLC
3100 Brainerd Road
Chattanooga, TN 37411
Tel: 423-493-1926 | Fax: 423-493-2142
wrightandwoodward@gmail.com